UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRMON CARL WILLIAMS,

        Petitioner,        Case Number: 5:16-CV-11226
                                      Judith E. Levy
                                      United States District Judge

v.

BENNY NAPOLEON,

        Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Irmon Carl Williams ("Petitioner") has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Williams is incarcerated at the Wayne County Jail and asks the Court to inquire into the lawfulness of his detention. Because this petition is legally insufficient on its face, it is dismissed without prejudice.

Petitions for habeas corpus are evaluated under heightened pleading standards, and the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

1

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing Section 2254 Cases in the United States District Courts). *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). *See also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (district court has duty to "screen out" petitions that lack merit on their face). Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178

2

F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition should be dismissed without prejudice because Petitioner has not pleaded the facts necessary to state a claim for habeas relief. The Court also concludes that a certificate of appealability should be denied.

Petitioner states that he was arrested on November 14, 2015, and has been detained at the Wayne County Jail since that time without information regarding the charges against him. (Dkt. 1 at 1-2.) While such allegations are unsettling, this petition provides no facts regarding any crime for which he was convicted or any judicial process for which habeas relief is appropriate.[1]

---

[1] The Court's attempt to discern more was unavailing, as there is more than one individual named Irmon Carl Williams with a criminal case record in the Third Judicial Circuit of Michigan, and no information provided in the petition identifies which of these individuals is the Petitioner here. "Criminal Case Records Search Results," Third Judicial Circuit of Michigan, https://cmspublic.3rdcc.org (last visited July 26, 2016).

For these reasons, this petition does not meet the heightened pleading standards for habeas relief and must be dismissed as legally insufficient on its face.[2]

A certificate of appealability is also denied. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

For the reasons stated in this opinion, the Court will deny Williams a certificate of appealability because reasonable jurists would

---

[2] If indeed Petitioner has been held for such a period of time without being charged, he may have some other legal claim against those holding him, but it would not be a petitioner for writ of habeas corpus.

4

not find this Court's conclusion that the claim raised is unexhausted to be debatable or wrong. The Court further concludes that Williams should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

For the reasons set forth above, Petitioner's submission is legally insufficient and must be dismissed.

Accordingly, the Court DISMISSES the petition for a writ of habeas corpus WITHOUT PREJUDICE and DENIES a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: July 27, 2016  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

5